IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRITTANY ALEXANDER, On Behalf of Herself and All Others Similarly Situated,**  *Plaintiff*, v. **FIRST MERIDIAN SERVICES, INC., TENNESSEE F&B, LLC, and SKYPORT HOSPITALITY, LLC,**  *Defendants*. | **COLLECTIVE ACTION** **CASE NO. _____** **JUDGE _____** **JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Brittany Alexander ("Plaintiff") brings this action against Defendants First Meridian Services, Inc., Tennessee F&B, LLC, and Skyport Hospitality, LLC, collectively doing business as The Southern Steak & Oyster (herein referred to collectively as "Defendants" or "The Southern Steak & Oyster"), to recover unpaid wages, tips, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Defendants together comprise a single business that owns and operates a restaurant and bar called The Southern Steak & Oyster, located in Concourse D of the South Terminal at the Nashville International Airport in Nashville, Tennessee.[1] Plaintiff and those similarly situated

---

[1] This lawsuit only concerns The Southern Steak & Oyster location at the Nashville International Airport in Nashville, Tennessee. Restauranteur Thomas Morales owns a second The Southern Steak & Oyster location (*i.e.*, the flagship location) at 150 3rd Avenue South #110, Nashville, Tennessee 37201.

have worked as tipped employees (*e.g.*, bartenders and servers) for Defendants at The Southern Steak & Oyster restaurant and bar located at the Nashville International Airport. Defendants generally paid Plaintiff and those she seeks to represent a direct, cash hourly wage lower than $7.25 per hour and relied on the "tip credit" provision of the FLSA to meet their minimum and overtime wage obligations. However, Defendants failed to satisfy the requirements for utilizing the tip credit to meet their minimum wage and overtime obligations to their tipped employees for several reasons, including but not limited to: (1) failing to provide tipped employees with the required notice before taking the tip credit; (2) retaining a portion of tips earned by their tipped employees each shift; and (3) requiring tipped employees to perform large amounts of non-tip-producing duties while paying them at a tipped hourly rate of less than the $7.25 per hour minimum wage, including during periods of time when they were not serving customers.

3. As a result of these practices, Defendants are not permitted to rely on the tip credit to satisfy their minimum wage and overtime obligations to their tipped employees under the FLSA. Therefore, Defendants have failed to pay the required minimum wage, in violation of 29 U.S.C. § 206, and overtime wage, in violation of 29 U.S.C. § 207. Because of these violations, Plaintiff and those she seeks to represent are entitled to recover the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek), an equal amount of liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff and those she seeks to represent are also entitled to recover the amount of tips unlawfully retained by Defendants, as well as an equal amount as liquidated damages. *Id.* Plaintiff asserts these FLSA claims as a collective action, on behalf of herself and all others similarly situated, pursuant to pursuant to 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

## II. PARTIES

6. Plaintiff Alexander is over the age of nineteen (19) and is a resident of Buffalo, Erie County, New York.

7. Plaintiff was employed by Defendants at The Southern Steak & Oyster, a restaurant and bar located in Concourse D of the South Terminal at the Nashville International Airport in Nashville, Tennessee.

8. Plaintiff was employed by Defendants from approximately July of 2022 through approximately November of 2022.

9. Plaintiff worked as both a server and bartender.

10. As both a server and bartender, Plaintiff was paid a direct, cash hourly wage below $7.25 per hour plus tips (*i.e.*, Plaintiff was a tipped employee).

11. Plaintiff brings this action on behalf of herself, and all similarly situated employees who worked as tipped employees for Defendants at their The Southern Steak & Oyster restaurant and bar located in Concourse D of the South Terminal at the Nashville International Airport in Nashville, Tennessee.

12. The Southern Steak & Oyster, located in Concourse D of the South Terminal at the Nashville International Airport in Nashville, Tennessee, is jointly owned and operated by Defendants Skyport Hospitality, LLC, and Thomas Morales. *See* Exhibit 1.

13. The paystubs of tipped employes identify Defendants First Meridian Services, Inc. and Tennessee F&B, LLC. *See* Exhibit 2.

14. Defendant Skyport Hospitality, LLC is a Colorado limited liability company with its principal address at 8231 E Prentice Ave, Greenwood Village, CO 80111. *See* Exhibit 3.

15. Defendant Skyport Hospitality, LLC lists its registered agent as David S. Mosteller, located at 8231 E Prentice Ave, Greenwood Village, CO 80111.

16. Defendant First Meridian Services, Inc. is a Colorado limited liability company with its principal address at 8231 E Prentice Ave, Greenwood Village, CO 80111. *See* Exhibit 4.

17. Defendant First Meridian Services, Inc. lists its registered agent as David S. Mosteller, located at 8231 E Prentice Ave, Greenwood Village, CO 80111-2901.

18. Defendant Tennessee F&B, LLC is a Delaware limited liability company with its principal address at 8231 E Prentice Ave, Greenwood Village, CO 80111-2901. *See* Exhibit 5.

19. Defendant Tennessee F&B, LLC has an assumed name of Nash F&B, LLC. *See* Exhibit 5.

20. Defendant Tennessee F&B, LLC lists its registered agent as PARACORP INCORPORATED, located at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

21. Defendants Skyport Hospitality, LLC, First Meridian Services, Inc., and Tennessee F&B, LLC are herein collectively referred to as the "Entity Defendants."

22. Thomas Morales a/k/a Tom Morales is a restaurateur and the founder of TomKats Hospitality.

23. News articles published in the summer of 2022 (in or around the time The Southern Steak & Oyster opened its restaurant and bar to the public) state The Southern Steak & Oyster Nashville International Airport location would be jointly operated by TomKats Hospitality owner

Tom Morales and Skyport Hospitality and credit the restaurants opening to both Tom Morales and Skyport Hospitality.

24. Thomas Morales came to The Southern Steak & Oyster Nashville International Airport location in or around August of 2022 to oversee the restaurant opening.

25. During this time, Plaintiff Alexander personally served Thomas Morales.

26. Plaintiff Alexander also witnessed Thomas Morales talking to Linda Hurd, Skyport Hospitality's Director of Airport Operations, and other members of the management team at The Southern Steak & Oyster's Nashville International Airport location.

27. At all relevant times, Defendants have been regularly engaged in interstate commerce and/or the production of goods for interstate commerce.

28. At all relevant times, Defendants have been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

29. Under the FLSA, "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

30. Under the FLSA, a "'[p]erson' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

31. Each Defendant is a "person" within the meaning of 29 U.S.C. § 203(a). For example:

> a. The Entity Defendants are each one of the following "partnership, association, corporation, business trust" or some other form of entity falling under the definition of "any organized group of persons," which makes them persons within the meaning of 29 U.S.C. § 203(a).

32. Defendants collectively are an "organized group of persons" within the meaning of 29 U.S.C. § 203(a) because they act as a single enterprise as alleged herein.

33. Defendants share a common headquarters, have common management, have centralized control of labor relations and personnel, and are pursuing a common business purpose with respect to The Southern Steak & Oyster restaurant and bar located at the Nashville International Airport.

34. Defendants' enterprise acts through each of the Defendants.

35. Furthermore, each of the Defendants acts directly in the interest of itself as an employer in relation to the employees at The Southern Steak & Oyster, Nashville International Airport location.

36. Thus, Defendants, both individually and collectively, employ the employees of The Southern Steak & Oyster restaurant and bar located at the Nashville International Airport.

37. Accordingly, Defendants are an employer of Plaintiff and those she seeks to represent under the FLSA.

38. Defendants also therefore jointly employ these individuals.

### III. FACTS

39. Plaintiff and similarly situated employees are current and former tipped employees (*e.g.*, bartenders and servers) of Defendants, who earned less than $7.25 per hour and received customer tips and for whom the Defendants took a tip credit (herein referred to as "Tipped Employees").

40. Defendants paid Plaintiff and other Tipped Employees an hourly wage below $7.25 per hour.

41. Defendants purported to utilize a tip credit for each hour worked by Plaintiff and other Tipped Employees to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour). *See* 29 § U.S.C. §§ 203(m), 206, 207.

42. In order to take a tip credit under the FLSA for their Tipped Employees, Defendants must meet all statutory requirements for counting a portion of tips received by their employees as satisfying the statutory minimum wage.

43. Defendants do not meet these statutory requirements for claiming a tip credit towards the minimum wage.

44. Prior to taking the tip credit, Defendants did not inform Plaintiff and other Tipped Employees of the tip credit provisions of 29 U.S.C. § 203(m)(2).

45. Prior to taking the tip credit, Defendants did not inform Plaintiff and other Tipped Employees that Defendants would rely on the tip credit provisions of 29 U.S.C. § 203(m)(2) to satisfy its minimum wage and overtime obligations to Plaintiff and other Tipped Employees, or of the amount of the tip credit.

46. Defendants also retained a portion of the tips earned by their Tipped Employees each shift.

47. Additionally, Defendants required Plaintiff and other Tipped Employees to spend large amounts of time performing non-tip-producing duties, including tasks before and after their serving customers.

48. Some examples of non-tip-producing tasks are: stocking the bar with liquor, wine, and beer; laying out glassware; filling ice wells; cutting fruit, batching drinks; making coffee and tea; re-stocking the bar with liquor, wine, and beer; re-filling the ice wells; rolling silverware; removing all liquor, wine, and beer off the bar and locking it away (per policy); removing all glassware from the bar and locking it away (per policy); wiping down and cleaning all bar surfaces; cleaning bar mats; washing glassware; and sweeping and mopping floors. There are other such tasks as well.

49. For example, when working the morning shift, Plaintiff Alexander spent approximately 2.5 to 3 hours before serving customers performing non-tip-producing tasks while being paid at tipped hourly rate of less than $7.25.

50. When working the morning shift, Plaintiff Alexander spent approximately 1 hour after serving customers performing similar non-tip-producing tasks while being paid at tipped hourly rate of less than $7.25.

51. Similarly, while working a closing shift, Plaintiff Alexander spent approximately 30 minutes to 1 hour while serving customers performing similar non-tip-producing tasks while being paid at tipped hourly rate of less than $7.25.

52. When working a closing shift, Plaintiff Alexander spent approximately 2 hours after serving customers performing similar non-tip-producing tasks while being paid at tipped hourly rate of less than $7.25.

53. Plaintiff and other Tipped Employees also regularly worked more than forty (40) hours in a workweek at a sub minimum wage, tipped hourly rate.

54. Defendants knew or acted with reckless disregard of the fact that their compensation practices and policies for Tipped Employees violate the FLSA.

55. For example, Plaintiff Alexander told Linda Hurd, Skyport Hospitality's Director of Airport Operations and a member of Defendants' management team, that Defendants were incorrectly paying tipped employees, like herself.

56. Plaintiff also stated that she would file a lawsuit if Defendants did not correct their improper pay practices.

### IV. COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective

action on behalf of herself and all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former Tipped Employees (*i.e.*, employees generally paid an hourly wage lower than $7.25 per hour plus tips under the tip credit provisions of the FLSA) at The Southern Steak & Oyster Nashville International Airport location at any time since it opened.

58. Plaintiffs' FLSA claims should proceed as a collective action because Plaintiff and other Tipped Employees worked pursuant to the common pay policies and practices described herein. Accordingly, Plaintiff and Tipped Employees are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and associated decisional law.

## V. CAUSES OF ACTION

### COUNT I
### Violations of the FLSA's Minimum and Overtime Wage Requirements

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

61. At all times material to the allegations herein, Plaintiff and those she seeks to represent were employees of Defendants and entitled to the FLSA's protections.

62. Defendants are employers covered by the FLSA.

63. The FLSA requires employees be paid for all time worked.

64. The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

65. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

66. The minimum overtime wage is one and one-half times the $7.25 per hour minimum wage, $10.88 per hour. *See* 29 U.S.C. §§ 206, 207.

67. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

68. As set forth above, Defendants failed to meet all the FLSA's tip-credit requirements by: (1) failing to provide Tipped Employees with the required notice before taking the tip credit; (2) retaining a portion of tips earned by their Tipped Employees each shift; and (3) requiring Tipped Employees to perform large amounts of non-tip-producing duties while paying them at a tipped hourly rate of less than the $7.25 per hour minimum wage, including during periods of time when they were not serving customers.

69. Defendants' violations of the FLSA were willful because they knew or acted with reckless disregard of the fact that their pay policies and practices violate clearly applicable FLSA provisions.

## COUNT II
**Unlawful Retention of Tips in Violation of the FLSA**

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

75. At all times material to the allegations herein, Plaintiff and those she seeks to represent were employees of Defendants and entitled to the FLSA's protections.

76. Defendants are employers covered by the FLSA.

77. The FLSA prohibits employers from keeping tips received by employees for any purposes, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

78. Defendants have violated this provision by keeping tips received by Plaintiff and other Tipped Employees.

79. Plaintiff and those she seeks to represent are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

80. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. A finding that Defendants have violated the FLSA;

B. A finding that Defendants' FLSA violations are willful;

C. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages Defendants have failed and refused to pay in violation of the FLSA;

D. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for all tips Defendants unlawfully retained in violation of the FLSA;

E. Pre-judgment and post-judgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: February 17, 2023

Respectfully submitted,

/s/David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**NICOLE A. CHANIN (No. 40239)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com